**Flora Mae MILLS, Petitioner,**

v.

**TULSA COUNTY DISTRICT COURT,**
**The Honorable B.R. Beasely, District**
**Judge, Respondent.**

No. P–89–55.

Court of Criminal Appeals of Oklahoma.

March 9, 1989.

Everett R. Bennett, Jr., Tulsa, for petitioner.

John W. Kelson, Dist. Atty., Tulsa, for respondent.

## ORDER GRANTING PETITION FOR WRIT OF PROHIBITION

Petitioner has filed an application requesting this Court to assume original jurisdiction and issue a Writ of Prohibition to prevent The Honorable Respondent from enforcing an Order entered January 29, 1989, directing Petitioner to produce to the State of Oklahoma all hospital records relating to her psychiatric hospitalization prior to December 5, 1986, so that they may be reviewed and evaluated by the State's expert witness and used to cross-examine experts who may testify for Petitioner.

Petitioner has filed Notice of Intent of Insanity Defense pursuant to 22 O.S.Supp. 1988, § 1176 and has submitted to psychiat-

ric examination by a psychiatrist chosen by the State. The State discovered that Petitioner was hospitalized for psychiatric purposes in 1976, ten years before she allegedly committed the crime of murder, and filed a motion for production of these and any other psychiatric records. The trial court granted the State's motion and Petitioner's present application followed.

■ The State's power, if any, to obtain these records is statutory, governed by the Oklahoma Evidence Code, 12 O.S.1981, § 2101 *et. seq.* and the Code of Criminal Procedure of the State of Oklahoma, 22 O.S.1981, § 1 *et. seq.* The Evidence Code sets forth the limitation of the psychotherapist-patient privilege as follows:

> The privilege under this Code as to a communication relevant to the physical, mental or emotional condition of the patient in any proceeding in which the patient relies upon that condition as an element of his claim or defense or, after the patient's death, in any proceeding in which any party relies upon the condition as an element of his claim or defense, is qualified to the extent that an adverse party in said proceeding may obtain relevant information regarding said condition *by statutory discovery.*

12 O.S.1981, § 2503(D)(3) (emphasis added).

Statutory discovery of psychiatric records as provided for in 12 O.S.Supp. 1988, § 3212 is unavailable to the State in this instance as the Oklahoma Discovery Code applies to civil matters only. 12 O.S. Supp.1988, § 3201. Statutory discovery of psychiatric records by the State is not provided for in the Code of Criminal Procedure 22 O.S.1981, § 1 *et. seq.* Finding no statutory authority for the pretrial discovery of Petitioner's psychiatric records prior to December 5, 1986, we conclude the State may not discover these records at this time.

■ The stated reason for discovery of these psychiatric records is that the Petitioner's psychiatrist and potential expert witness in the trial of this matter may have access to them. The State makes a presumption that Petitioner will present expert testimony at trial. If the Petitioner does not, the State has no need of these

records. If the Petitioner does present expert testimony, the expert may be required to reveal the basis for his opinion. 12 O.S.1981, § 2705. If the expert has relied on records of prior psychiatric hospitalization and/or treatment in forming his opinion, the State would be entitled to examine them.

IT IS THEREFORE THE ORDER OF THIS COURT that the Writ of Prohibition is granted and the District Court of Tulsa County is prohibited from enforcing its order dated January 29, 1989.

IT IS SO ORDERED.

BRETT, P.J., PARKS, V.C.J., and BUSSEY, LANE and LUMPKIN, JJ., concur.